**U.S. Department of Justice**

United States Attorney

District of Columbia

Judiciary Center
555 Fourth St. N.W.
Washington, DC 20001

*Let this be filed.*
*Royce C. Lamberth*
*U.S.D.J.*
*10/17/96*

October 17, 1996

**FILED**
**OCT 17 1996**
Clerk, U.S. District Court
District of Columbia

BY HAND DELIVERY
G. Allen Dale, Esquire

   Re: <u>United States v. Kobi L. Mowatt, Crim No. 95-46-02 (RCL)</u>

Dear Mr. Dale:

   This letter confirms the agreement between your client, Kobi L. Mowatt, and the United States of America. Kindly have your client execute this document in the space provided below and return this document to us at the United States Attorney's Office for the District of Columbia (hereinafter also referred to as "this Office"). Upon my receipt of the fully executed document, this letter will become the plea agreement, itself. The terms of the agreement are as follows:

   1. Your client, Kobi L. Mowatt, agrees to admit his guilt and enter a plea of guilty, pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, to Count Two of the indictment which charges your client with conspiracy to participate in a racketeer influenced corrupt organization in violation of Title 18, United States Code, Section 1962(d). Your client understands that this agreement and any plea of guilty which he may enter pursuant to it are contingent upon the entry of guilty pleas by both of his remaining co-defendants in this case, Jermaine A. Graves and Marcel D. Washington. If either or both co-defendants fail to enter guilty pleas, this agreement and any proceedings pursuant to it shall be void.

   2. Your client understands that pursuant to Title 18, United States Code, Section 1963, the charge carries a maximum penalty of life imprisonment, forfeiture of any property constituting proceeds or derived from the proceeds obtained from the racketeering activity engaged in in violation of 18 U.S.C. § 1962 and a fine of up to $200,000 or twice the gross profits or other proceeds of such activity. In addition, your client must be sentenced to a period of supervised release of at least 3 years but not more than 5 years to follow the term of imprisonment.

   3. Your client understands that if the Court accepts his plea of guilty pursuant to this agreement, the sentence to be imposed in this case is, by agreement of the parties pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, 420 months of incarceration and a five-year term of supervised release. The

366

parties understand and agree that if the Court accepts your client's plea of guilty, this agreed sentence will be binding on both parties and the Court, without any adjustments, enhancements, or departures, either upward or downward, which might otherwise be applicable under the sentencing guidelines.

4. The United States agrees that it will move at the time of your client's sentencing in this matter to dismiss the remaining counts of the indictment which are pending against your client in this case.

5. Your client understands that the agreed sentence to be imposed in this case was determined in accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission pursuant to Title 28, United States Code, Section 994(a). The parties agree to the following under the sentencing guidelines:

    a. The parties agree that the guideline applicable to the offense to which your client is pleading guilty is Section 2E1.1 (Unlawful Conduct Relating to Racketeer Influenced and Corrupt Organizations).

    b. The parties agree that the United States could prove that the quantity of cocaine base distributed and possessed with intent to distribute by your client in furtherance of the conspiracy, or such quantity distributed or possessed with intent to distribute by other members of the conspiracy which was reasonably foreseeable to your client and readily provable by the United States is in excess of 1.5 kilograms. In addition, the parties agree that the United States could prove your client's participation in two separate incidents involving the murders of four persons. Accordingly, for purposes of this agreement, pursuant to Sections 2A1.1 and 2D1.1(c)(1), the base offense level is not lower than 43.

    c. The parties agree that the use of firearms by members of the narcotics conspiracy was reasonably foreseeable to your client and accordingly, he may be subject to a two-level upward adjustment pursuant to Section 2D1.1(b)(1). In addition, the parties agree that your client may be subject to at least a two-level upward role-in-the-offense adjustment pursuant to Section 3B1.1.

    d.    Your client understands and agrees that the United States will not ask the Court for a reduction of your client's sentence based on substantial assistance to authorities pursuant to Section 5K1.1.

    e.    The parties agree that your client shall receive a three-level downward adjustment for his acceptance of responsibility pursuant to Section 3E1.1(b)(2). The parties agree that no other adjustments pursuant to Chapter 3 of the guidelines are applicable in this case.

    f.    The parties agree that your client has one adult criminal conviction and two adjudications prior to the age of eighteen.

    g.    To the extent that the agreed upon sentence departs from the guidelines, the parties agree that there are justifiable reasons, Section 6B1.2(c)(2), including, but not limited to the following: your client's entry into this agreement together with his two remaining co-defendants eliminates the need for a trial in this matter, thereby maximizing the impact of federal resources on crime; this agreement provides for a substantial period of incarceration which reasonably and adequately addresses appropriate sentencing considerations; your client waived valuable rights to enable pursuit of this disposition without prejudice to the United States, including his right to timely resolution of his still pending motions.

6.    Your client agrees that prior to or at the time of sentencing he will pay to the Clerk's Office, United States District Court, a special assessment in the amount of $100, as required by a recently amended provision of Title 18, United States Code.

7.    Your client understands that the United States retains full right of allocution in connection with any pre-sentence or post-sentence motions which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons.

8.    Your client also understands and agrees that notwithstanding this plea agreement, the United States reserves its right to bring civil action(s) in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal, state, or local statute.

9. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States of America. Nothing in this agreement shall be construed as enlarging or broadening the obligations of the United States. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

10. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. Such other agencies remain free to prosecute your client for any offense(s) within their respective jurisdictions.

11. There are no other agreements, promises, understandings, or undertaking between your client and the United States and your client understands that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in writing signed by all of the parties.

Sincerely yours,

ERIC H. HOLDER, JR.
UNITED STATES ATTORNEY

BY: _____
WILLIAM M. BLIER
Assistant United States Attorney

BY: _____
PATRICIA M. HAYNES
Assistant United States Attorney

**DEFENDANT'S ACCEPTANCE**

I have read this plea agreement and have discussed it with my attorney, G. Allen Dale, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: OCTOBER 17 1996

_____
KOBI L. MOWATT
Defendant

**ATTORNEY'S ACKNOWLEDGEMENT**

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with him, fully. These pages accurately and completely set forth the entire plea agreement.

Date: 10/17/96

_____
G. Allen Dale, Esquire
Counsel for Kobi L. Mowatt