UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> KOBI L. MOWATT, ) <br>           Defendant. ) <br> ) | Criminal Action No. 95-46-02 (RCL) |

## MEMORANDUM AND ORDER

Before the Court are defendant Kobi L. Mowatt's Motion [531] for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2); U.S.S.G. Amendment 706; Motion [532] for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2); U.S.S.G. Amendment 591; Motion [533] for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2); U.S.S.G. Amendment 505; and Motion [534] to Hold Motion in Abeyance. Upon consideration of the motions, the government's opposition thereto [538, 539], applicable law, and the record, the motions will be DENIED.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

On October 17, 1996, the defendant pleaded guilty to one count of Conspiracy to Participate in a Racketeer Influenced Corrupt Organization. He did so pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(e)(1)(C).[1] In the agreement, the defendant and the United States agreed to a 420-month term of imprisonment, to be followed by a five-year term of supervised release. The agreement states that the agreed sentence was determined in accordance with the then applicable sentencing guidelines.

The defendant cites three amendments to the sentencing guidelines: (1) Amendment 505,

---

[1] Rule 11(e)(1)(C) has since been renumbered as Rule 11(c)(1)(C). As such, subsequent references in this Order will refer to Rule 11(c)(1)(C).

1

effective November 1, 1994, which lowered the highest base offense level in Section 2D1.1(c) from Level 40 to Level 38; (2) Amendment 591, effective November 1, 2000, which modified the rules for determining the guidelines applicable to the offense conduct; and (3) Amendment 706, effective November 1, 2007, which lowered the base offense level for crack cocaine offenses. All three amendments are enumerated in Section 1B1.10(c) of the guidelines. If an enumerated amendment lowers the guideline range applicable to a defendant, a court may reduce that defendant's sentence under 18 U.S.C. § 3582(c)(2).

Accordingly, the defendant has filed motions for sentence reduction. He further asks the Court to hold in abeyance his motion based on Amendment 706 pending enactment of the Fair Sentencing Act of 2010. Because the defendant's requests for sentence reduction are contrary to 18 U.S.C. § 3582(c)(2), the sentencing guidelines, and applicable case law, his motions will be denied. Further, because the defendant is not entitled to relief under 18 U.S.C. § 3582(c)(2), his Motion to Hold Motion in Abeyance will be denied.

## II. ANALYSIS

### A. *Motions Pursuant to 18 U.S.C. § 3582(c)(2)*

18 U.S.C. § 3582(c)(2) provides that a defendant may make a motion to reduce his sentence if he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. Section 1B1.10 of the guidelines states that a court may reduce a defendant's sentence only as provided by Section 3582(c)(2). In other words, the guidelines do not confer on defendants additional avenues for challenging a sentence.

Mowatt cannot avail himself of Section 3582(c)(2) because his sentence was not "based on a sentencing range" set by the Sentencing Commission. Rather, his sentence rested on an

express stipulation in a plea agreement entered under Rule 11(c)(1)(C). The plea agreement makes no indication that Mowatt's 420-month term of imprisonment was dependent upon on a guideline sentencing range.

The circuits to have considered this question have concluded that a defendant whose sentence is based on the term of imprisonment set forth in a plea agreement is ineligible for relief under Section 3582(c)(2). *See, e.g., United States v. Rivera-Martinez*, 607 F.3d 283, 287 (1st. Cir. 2010) ("Absent an express statement in the plea agreement making the sentence dependent upon a guideline calculation, a sentence imposed pursuant to a C-type plea agreement is based on the agreement itself, not on the guidelines."); *United States v. Main*, 579 F.3d 200, 203 (2nd Cir. 2009) (holding that a defendant was ineligible for Section 3582(c)(2) relief because his sentence was "based on" a Rule 11(c)(1)(C) agreement, not on a guidelines range), *cert. denied*, 130 S.Ct. 1106 (2010); *United States v. Sanchez*, 562 F.3d 275, 277–79 (3rd Cir. 2009), *cert. denied*, 130 S.Ct 1053 (2010); *United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004); *United States v. Ray*, 598 F.3d 407, 411 (7th Cir. 2010); *United States v. Williams*, 598 F.3d 963, 965 (8th Cir. 2010); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996). This Court finds this position persuasive, and thus concludes that Mowatt is ineligible for relief under Section 3582(c)(2). Therefore, the motions for sentence reduction will be denied.

### B. *Motion to Hold Motion in Abeyance*

Mowatt asks the Court to hold in abeyance his motion based on Amendment 706 pending enactment of the Fair Sentencing Act of 2010. When the act becomes law, the Sentencing Commission may further amend the sentencing guidelines. As discussed above, however, Mowatt is not entitled to relief under Section 3582(c)(2), nor will he be entitled to such relief if the Sentencing Commission amends the guidelines. Accordingly, the motion will be denied.

## III. CONCLUSION AND ORDER

Because the defendant's sentence was based on a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement, rather than on the sentencing guidelines, this Court has no power to modify his sentence under 18 U.S.C. § 3582(c)(2). Because the defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2), it is unnecessary to hold his motion in abeyance pending enactment of the Fair Sentencing Act. Accordingly, it is hereby

ORDERED that defendant's motions are DENIED.

SO ORDERED this 10th day of September 2010.

ROYCE C. LAMBERTH
Chief Judge
United States District Court